IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL WOOD,

        Plaintiff,

vs.                                                   CIVIL NO.  05-690 JH/LFG

C.R. BARD, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMMENCE DISCOVERY AND FOR EXPEDITED HEARING

THIS MATTER is before the Court on Plaintiff Carol Wood's ("Wood") Motion to Commence Discovery and Request for Expedited Hearing [Doc. 5]. No response is necessary. The Court grants Wood's request for expedited handling, but denies the request to commence discovery.

### Present Motion

Wood seeks to immediately commence discovery without having obtained opposing party's consent or agreement. Wood's reason for seeking to set aside the requirements of Rule 26(d) is that an item of evidence--a Fluency 7x60 mm Tracheobronchial Stent Graft--"is still missing and it is a crucial piece of evidence that needs to be found," and that "depositions and the answers to these interrogatories and requests for production are the gravamen of the case."

### Analysis

With the adoption of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, and the revised rules of civil procedure which were intended to dovetail with the CJRA, Congress and the Rules Committee both intended a "hands-on approach" to discovery by active judicial management of the process.

Indeed, the unregulated *carte blanche* approach to discovery was one of the problems cited in the promulgation of the CJRA. The discovery abuses prompted by unregulated discovery compelled Congress and the court to impose restrictions on discovery.

Prior to the revised rules of civil procedure, parties were privileged to immediately commence discovery. Such is no longer the case. Fed. R. Civ. P. 26(d) prohibits parties from conducting discovery prior to the discovery conference under Rule 26(f). Thereafter, each party may conduct whatever discovery that party chooses, in any sequence. However, parties may not conduct discovery prior to their discovery conference unless they have so stipulated. *See, e.g.*, Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273 (N.D. Cal. 2002), or unless the Court so authorizes. Doebele v. Sprint Corp., 2001 WL 392513 (D. Kan. Apr. 10, 2001); *but see* Ortiz-Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51, 54 (D. Puerto Rico 2003)(only the most obviously compelling reasons are sufficient to justify a departure from the rule). Obviously, the parties have not so stipulated in this case, as the present motion would not have been necessary.

The reason for Rule 26(d) is to ensure judicial oversight of the discovery process. For that reason, the parties are required to meet and confer to formulate a provisional discovery plan, to agree on the number of depositions and interrogatories (within the maximums authorized), and to propose a particular schedule for bringing the case to completion within a target disposition date. Fed. R. Civ. P. 26(f).

The Court already issued an Initial Scheduling Order [Doc. 4] requiring the parties to meet and confer, to prepare a provisional discovery plan and an Initial Pretrial Report, and to appear for a scheduling conference only a few weeks away. Thus, discovery will soon start and no party will be prejudiced by the brief delay.

This case originated in state court and Wood served written interrogatories and requests for production on Defendant. Wood argues that Defendant is not prejudiced by early discovery because if the case had not been removed to federal court, responses would soon be due. Moreover, while the formal discovery served on Defendant in state court may have been appropriate there, it is not appropriate in this present federal forum. For example, a review of the interrogatories served on Defendant ( Exhibit "A" to motion) shows that Wood exceeded the federal numerical limitation on interrogatories imposed. Rule 33(a). Further, several of Wood's questions duplicate mandatory disclosure obligations under Rule 26, *see, e.g.*, Interrogatories 3 and 4, and are not necessary and would be redundant. Similarly, Interrogatory No. 5 relating to expert witnesses would require Defendant to make its expert disclosures under Rule 26(a)(2) far in advance of the time normally established by the Court in its scheduling order.

Typical scheduling orders require a plaintiff to first disclose experts and to produce Rule 26 reports. Defendant would follow, one month later with its disclosure and report production. Wood's Interrogatory No. 5 would interfere with that normal requirement by imposing early and first disclosures on Defendant.

These problems are only a few of the examples as to why a discovery plan should be negotiated by the parties and approved by the Court prior to the commencement of discovery.

While Defendant would have been obligated to respond to the discovery Wood served while the case was in state court, such is no longer the situation. By virtue of removal, this case is now subject to federal procedural requirements, and Defendant has no obligation to respond to outstanding discovery until this Court determines whether that proposed discovery comports with federal requirements.

Wood has not demonstrated any "obviously compelling" reason sufficient to justify a departure from Rule 26(d). Ortiz-Rivera v. Municipal Government of Toa Alta.

In sum, the Court denies Wood's request to commence early discovery. By virtue of this ruling, the Court has granted Wood's request for an expedited disposition.

IT IS SO ORDERED.

                                                    _/s/ Lorenzo F. Garcia_
                                                    Lorenzo F. Garcia
                                                    Chief United States Magistrate Judge